# EXHIBIT B

## THE REHAB DEPARTMENT, LLC. AND ST. MARKS REHAB MANAGEMENT, LLC to BEN ATKINS

## EIGHTY-THREE PERCENT (83%) OWERSHIP PURCHASE WARRANT

**THE REHAB DEPARTMENT, LLC. AND ST. MARKS REHAB MANAGEMENT, LLC** (collectively referred to as the "**Company**"), a Wyoming limited liability corporation, hereby certifies that, for value received, **BEN ATKINS or his assign or designee** (the "**Purchaser**") is entitled, subject to the terms and conditions set forth below, to purchase from the Company, Eighty-Three Percent (83%) Ownership fully paid and nonassessable ownership of the Company ("**Eighty-Three Percent Ownership**"), at the purchase price of One Dollar and No Cents (\$1.00) (the "**Warrant Price**"), at any time after August 10, 2015 (the "**Initial Exercise Date**"). The Warrant Price and the Eighty-Three Percentage Ownership, subject to this Warrant are not subject to adjustment.

1.  Exercise of Warrant.

   1.1   Manner of Exercise. The Purchaser may exercise this Warrant by surrender of this Warrant to the Company on any day after the Initial Exercise Date at the office of Ben Atkins, located at 24641 U.S. Highway North, Clearwater, FL 33763, or any other location designated by Ben Atkins, accompanied by a statement setting forth that Eighty-Three Percent Ownership is being purchased accompanied by payment therefor in cash (including cash, check, bank draft, or money order) and the Purchaser shall thereupon be entitled to receive such number of fully paid and nonassessable shares of membership equaling Eighty-Three Percent Ownership.

   1.2   When Exercise Effective. Each exercise of this Warrant shall be deemed to have been effected immediately prior to the close of business on the business day on which this Warrant is surrendered to the Company as provided in section 1.1, and the Purchaser shall be deemed to have become the holder of record of Eighty-Three Percent Ownership upon such exercise at such time notwithstanding that certificates representing such shares shall not then be actually delivered to the Purchaser.

   1.3   Delivery of Stock Certificates, etc. As soon as practicable after the exercise of this Warrant in whole or in part, and in any event within 3 days thereafter, the Company at its expense (including the payment by it of any applicable issuance taxes) will cause to be issued in the Purchaser's name,

   (a)   a certificate or certificates for the number of fully paid and nonassessable shares of the Eighty-Three Percent Ownership to which the Purchaser shall be entitled upon such exercise, and

2.   Covenants of the Company; No Dilution or Impairment. The Company shall not, by amendment of its certificate of incorporation or though any reorganization, transfer of assets, consolidation, merger, dissolution, issue or sale of securities, or any other voluntary action, avoid or seek to avoid the observance or performance of any of the terms of the Warrants, but shall at all times in good faith carry out all such terms and shall take all such action as may be necessary or

appropriate in order to protect the rights of the holders of the Warrants against dilution or other impairment. Without limiting the generality of the foregoing, the Company:

(a)     shall not permit the par value of any shares of stock receivable upon the exercise of the Warrants to exceed the amount payable therefor upon such exercise;

(b)     shall take all such action as may be necessary or appropriate in order that the Company may validly and legally issue fully paid and non-assessable shares of stock or ownership or other property deliverable upon the exercise of all Warrants from time to time outstanding; and

(c)     shall not (i) transfer all or substantially all of its properties and assets to any other person, or (ii) consolidate with or merge into any other person where the Company is not the continuing or surviving person, or (iii) permit any other person to consolidate with or merge into the Company where the Company is the continuing or surviving person unless, in connection with such consolidation or merger, the Ownership, Common Stock (or Other Securities) then issuable upon the exercise of this Warrant shall be changed into or exchanged for stock or other securities or property of any other person, and, in any such case, the other person acquiring such properties and assets, continuing or surviving after such consolidation or merger or issuing or distributing such stock or other securities or property, as the case may be, shall expressly assume in writing and be bound by all the terms of this Warrant.

3.     Reservation of Stock, etc. The Company shall at all times reserve and keep available, solely for issuance and delivery upon the exercise of the Warrants, all ownership and shares of Common Stock (or Other Securities) from time to time issuable upon the exercise of the Warrants at the time outstanding. All shares of Common Stock issuable upon the exercise of the Warrants shall be duly authorized, validly issued, fully paid and nonassessable.

4.     Registration under the Securities Act of 1933. Upon the consummation of the transactions contemplated herein, the Stock: (i) will be fully paid and non-assessable, and (ii) will be free and clear of any and all liens, charges, security interests, pledges, options, rights of first refusal, voting proxies or other voting agreements, or encumbrances of any kind or nature, other than those created by this Agreement and other agreements that are part of this transaction.

(a)     The Seller is not presently under any contractual obligation to register any of its presently outstanding securities or any of its securities that may be hereafter issued.

(b)     All purchases of securities by the Purchasers have been made in compliance with applicable exemptions of the securities registration requirements of the Securities Act of 1933, as amended and applicable state securities laws and, to the knowledge of Seller, no holder of any securities of The Rehab Department, LLC has any bona fide claim against it for failure to disclose any material fact in connection with the acquisition of any security of the Corporation pursuant to any federal or state law, including, but not limited to, Section 10(b)(5) of the Exchange Act.

(c)     Seller has not registered the Stock under the Securities Act of 1933, as amended, or under any state securities law.

5.      Transfer of Warrant. This Warrant, Eighty-Three Percent Ownership and any other Shares may not be transferred, except to a person or an entity under common control with the Purchaser (including, without limitation, any heir or corporate successors thereto). The Purchaser acknowledges that the Company may require that certificates for Shares which are not freely transferable under the Securities Act of 1933 bear a customary restrictive legend. Any person or entity to whom or to which all or part of the Warrants are transferred in accordance with this section shall be deemed to be a Purchaser for the purposes of this Warrant and shall be entitled to all the benefits granted in, and subject to all the obligations imposed by, this Warrant and there may be one or more Purchaser. Each taker and holder of the Warrants, by taking or holding the same, consents to and agrees to be bound by the provisions of this agreement.

6.      Exchange or Loss of Warrant. Upon receipt by the Company of evidence satisfactory to it of the loss, theft, destruction or mutilation of this Warrant, and (in case of loss, theft or destruction) of reasonably satisfactory indemnification, and upon surrender and cancellation of this Warrant, if mutilated, the Company will execute and deliver a new Warrant of like tenor and date. Any such new Warrant executed and delivered shall constitute an additional contractual obligation on the part of the Company, whether or not the Warrant so lost, stolen, destroyed, or mutilated shall be at any time enforceable by anyone.

7.      Notices. All notices, consents and other communications under this Warrant shall be in writing and shall be deemed given when delivered personally or when sent by email or regular mail, or via any overnight delivery service at its address (or such other address as a party may designate by notice given to the other parties pursuant to this section).

8.      Shareholder Approval of the Warrant. The Company hereby represents and warrants that the grant of this has been approved by the shareholders of the Company.

9.      Miscellaneous.

        (a)     Neither this Warrant nor any term hereof may be changed, waived, discharged or terminated except by an instrument in writing signed by the holder of the Warrant and by the Company.

        (b)     This Warrant and all amendments hereof and waivers and consents hereunder shall be governed by the law of the State of Florida applicable to contracts made and to be performed therein.

        (c)     The headings in this Warrant are for purposes of reference only and shall not limit or otherwise affect the meaning hereof.

        Signature page to follow.

The Rehab Department, LLC and St. Marks Rehab Management, LLC Eighty-Three Percent (83%) Warrant to Ben Atkins signature page.

Dated as of August 10, 2015.

> **The Rehab Department, LLC. and**
> **St. Marks Rehab Management, LLC**
> By: _____
> Remko van der Voordt, its President

The undersigned hereby acknowledges having read this Warrant and hereby agrees to be bound by all provisions set forth herein as of the date of the issuance of this Warrant.

**BEN ATKINS**

By: _____
Ben Atkins