# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**THE REHAB DEPARTMENT, LLC**, a
Wyoming Limited Liability Company,

      Plaintiff,

v.

ARK POST ACUTE NETWORK, LLC,
CAMBRIDGE SIERRA HOLDINGS, LLC
d/b/a RECHE CANYON REHAB AND
HEALTH CARE CENTER, BIRDMONT
HEALTH CARE, LLC d/b/a CARRINGTON
PLACE AT WYTHEVILLE, EAST LAKE
REHAB & CARE CENTER, LLC d/b/a
TRINITY REGIONAL REHAB CENTER, LA
OLD HAMMOND HWY, LLC d/b/a PINES
RETIREMENT CENTER OF BATON
ROUGE, CARRINGTON PLACE REHAB-
NURSING, LLC d/b/a CARRINGTON
PLACE OF ST. PETE, ESSEX REHAB &
CARE CENTER, LLC d/b/a CARRINGTON
PLACE OF TAPPAHANNOCK,
BOTETOURT HEALTH CARE, LLC d/b/a
CARRINGTON PLACE AT BOTETOURT
COMMONS, LA WESTFORK, LLC d/b/a
WHITE OAK POST-ACUTE CARE, LA
FIRST STREET, LLC d/b/a SPRINGHILL
POST ACUTE & MEMORY CARE, and
NORFOLK AREA SENIOR CENTER, LLC
d/b/a GREENBRIER REGIONAL MEDICAL
CENTER,

      Defendants.

CASE NO: 23-cv-02554-SDM-JSS

_____/

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISCHARGE LEWIS BRISBOIS BISGAARD & SMITH LLP AND SUBSTITUTE JOHNSON, NEWLON, & DECORT, P.A., AS COUNSEL FOR THE REHAB <u>DEPARTMENT, LLC</u>

145945035.4

Comes Now, Plaintiff, The Rehab Department, LLC ("**Rehab**" or "**Plaintiff"),**

by and through undersigned counsel, Lewis Brisbois Bisgaard & Smith, LLP ("**Lewis**

**Brisbois**"), hereby files this response in opposition to the Motion to Discharge the law

firm of Lewis Brisbois and attorneys David Haft, Esq. *("***Mr. Haft***")* and Pedro Stefan

Quintana, Esq. *("***Mr. Quintana")*** and substitute the law firm Johnson, Newlon &

Decort, P.A. *("**JND")*** (the "**Motion**") [DE 47] filed by JND , as purported new counsel

for Plaintiff herein, and on behalf of non-parties, Benjamin Atkins ("**Atkins**") and

Clearwater Partners Lending, LLC ("**CPL**") (together with **Atkins,** the "**Non-**

**Parties**"), stating as follows:

### INTRODUCTION

1.      By way of the Motion, JND, without citing to any controlling legal

authority in support, asks this Court to take the extraordinary remedy of disqualifying

Lewis Brisbois and Attorneys Haft and Quintana from representation of Plaintiff in

this matter, and allowing JND to substitute in as counsel of record in its place. .

2.      As the basis for this drastic relief, which request tellingly lacks any claim

of harm, JND conclusory alleges that Plaintiff, following Non-Party Atkins' purported

acquisition (and subsequent assignment to CPL) of a majority 83% ownership interest

in Plaintiff, previously terminated Lewis Brisbois and Attorneys Haft and Quintana,

but they nevertheless refuse to withdraw.

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

3.    Even *assuming arguendo*, the truthfulness of JND's claim, the Motion is still legally insufficient as a matter of law and should be summarily denied by this Court.

4.    More specifically, the Motion must be denied because (1) Atkins and CPL fail to and cannot establish that they possess the requisite standing needed to bring the instant Motion on behalf of Plaintiff, let alone to seek discharge of Lewis Brisbois, Mr. Haft or Mr. Quintana, from their continued representation of Plaintiff in this matter, (2) the Motion is premature and otherwise devoid of legal authority to support the extraordinary relief sought by the Non-Parties in the Motion, and (3) if granted, JND's representation of Plaintiff would result in a conflict of interest, and cause harm to Plaintiff, as JND would be representing Plaintiff on behalf of the Non-Parties against the named Defendants in the instant action, for which Atkins is also the principal and majority owner.

5.    Indeed, the Non-Parties lack standing to bring the instant Motion because, there is a complete lack of privity with either Rehab or Lewis Brisbois. Particularly, there is no standing because the Non-Parties have failed to establish or prove that they have valid ownership or membership interest in Rehab, or are unilaterally entitled to the relief sought. The Motion acknowledges a dispute of ownership over Rehab, a dispute as to the enforceability and validity of the purported Warrant Agreement providing Atkins with interest in Rehab and forming the basis of the Motion, and further acknowledge the Wyoming Declaratory Action filed by Rehab and St. Marks Rehab Management, LLC ("St. Marks") in the State of Wyoming in

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

the District Court for the Judicial District in Laramine County, Case No. 2024-CV-0202634, styled, *The Rehab Department, LLC and St. Marks Rehab Management, LLC v. Benjamin Atkins, and Clearwater Partners Lending, LLC* (the "**Dec Action**").

6.      In the Dec Action, Rehab and St. Marks identify that the Warrant Agreement is invalid as a matter of law for a multitude of reasons, namely, it does not comply with Wyoming Law or the Operating Agreement of Rehab and St. Marks, nor was there consent provided by St. Marks (the sole member of Rehab).

7.      As such, it would be premature to consider the Motion prior to final adjudication in the Dec Action.

8.      The Motion likewise fails as a matter of law because JND and the Non-Parties have failed to meet the burden required for imposition of such an extraordinary remedy.  Notably, the Motion fails to provide any legal authority for the Non-Parties to unilaterally terminate the services of Lewis Brisbois, or that they have the requisite authority to do so even when their claimed ownership and control is subject to dispute and separate litigation.  In fact, as conceded by the Motion, the relief sought should be denied because disqualification of Lewis Brisbois would be improper if "the substitution would interfere with the efficient and proper functioning of the court." *See* Motion at 7, citing, *Chauvet v. Estate of Chauvet,* 599 So. 2d 740, 740 (Fla. 3d DCA 1992).

9.      Moreover, it is fatal toward the Motion that neither Atkins nor CPL is a member of Rehab and, therefore, cannot bring the purported Motion.  Indeed, JND's lack of standing to bring the Motion is set forth in the **Dec Action.**

145945035.4   4

**LEWIS BRISBOIS BISGAARD & SMITH, LLP,**
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

10.     Thus, because the Motion fails to satisfy the burden needed for imposition of the extraordinary relief sought therein by JND, or provide any legal support for the relief sought therein, in addition to the fact that it would interfere with the proper administration of justice, i.e., the Dec Action, the Motion must be denied.

## RELEVANT FACTUAL BACKGROUND

11.     On or about August 10, 2015, Remko Van der Voordt ("Remko"), founded and formed Rehab and St. Marks by submitting their respective Articles of Organization with the Secretary of State for the State of Wyoming. See Motion ¶ 1.

12.     Remko is the sole managing member of St. Marks pursuant to its Operating Agreement dated August 15, 2015 (the "St. Marks Operating Agreement"). *Id.* ¶ 3 and Ex. C.

13.     Pursuant to the Rehab Operating Agreement, additional members may be admitted only with the consent of "All Members". *Id. -* Exhibit B at Sec. 2.3.

14.     Pursuant to the Rehab Operating Agreement, St. Marks is the sole member of Rehab. *Id.* ¶ 3 and Ex. D.

15.     Pursuant to the Rehab Operating Agreement, a Member may transfer all or part of the Member's interest with the prior written consent of all other Members. *Id. –* Ex. D at Sec. 9.2.

16.     In fact both the Rehab and St. Marks Operating Agreements state in pertinent part:

> No Member may transfer all or any part of such Member's interest as a Member of the Company except as permitted in this agreement. Any purported transfer of an interest or a part of an

**LEWIS BRISBOIS BISGAARD & SMITH, LLP,**
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

interest in violation of the terms of this agreement will be null and void and of no effect. For purposes of this section a "transfer" includes a sale, exchange, pledge or other disposition, voluntarily or by operation of law.

*Id.* Exhibit C and D, at Sec. 9.1, respectively.

17.     The language and restrictions in the respective Operating Agreements are consistent with Wyoming law pertaining to the transfer of interest and addition of members. Critically, the Wyoming LLC Act states, in pertinent part, that "[a]fter formation of a limited liability company, a person becomes a member as provided in the operating agreement, with the consent of all members." Wyo. Stat. Ann. § 17-29-401(d)

18.     Further, Wyo. Stat. Ann. § 17-29-407(b), states that an act outside the ordinary course of business requires consent of all members of an LLC, and that any changes of the operating agreement, i.e, change of management and ownership, may only happen through the consent of all members, in addition to explicitly providing that the consent of all members is required to approve any transfer of interest in the LLC.  Thus, because St. Marks, at no time relevant hereto, ever either consented to the admission of additional members, the terms of the Warrant Agreement, the terms of the transfer, or otherwise agreed to modify the terms of either the St. Marks or Rehab Operating Agreements to authorize the admission of additional members in the absence of unanimous consent of its members, the Warrant fails to satisfy the requirements under Wyoming law, the Operating Agreement and, therefore, rendering such document a nullity.

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

19.     Moreover, the Warrant Agreement is uncertain as to: (i) whether it was prepared for the purchase of an 83% interest in either Rehab, St. Marks, or both; (ii) the expiration date to be exercised; (iii) whether all of the members of Rehab and St. Marks' consented to the admission of Atkins; and (iv) whether the interest under the Warrant Agreement was for distribution purposes only, or was intended to make Atkins a member with all attendant rights and liabilities.  Thus, even if the Warrant didn't otherwise fail for violating Wyoming law, it nevertheless is legally insufficient for a lack of certainty.

20.     Notably, pursuant to Wyo. Stat. Ann. § 17-29-502(g), a transferee of membership interests only gets distribution benefits, and is not a member of the company, stating in pertinent part:

> Except as otherwise provided in W.S. 17-29-602(a)(iv)(B), when a member transfers a transferable interest, the transferor retains the right of a member other than the interest in distributions transferred and retains all duties and obligations of the member.

21.     Therefore, even if the warrant is valid, it fails to include language that he has member rights among distribution rights only.

22.     Notwithstanding, after being advised that the Warrant Agreement is invalid and after the filing of the Dec Action approximately a month ago, Non-Parties seek to harass Rehab and filed the unfounded Motion.

23.     Based on the Dec Action, its attachments, Wyoming Law, and the lack of authority cited by JND, it is evident that neither Atkins nor CPL have standing to bring this Motion nor seek to disqualify Lewis Brisbois as counsel for the Rehab.

145945035.4  7

**LEWIS BRISBOIS BISGAARD & SMITH, LLP,**
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

## LEGAL STANDARD

24.     The party moving to disqualify or discharge counsel bears the burden of proving the grounds for same. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *Id.* (internal quotations omitted).

25.     Federal courts apply professional conduct rules similar to those which govern lawyers practicing in state courts. See *Rentclub, Inc. v. Transamerica Rental Fin. Corp.*, 811 F. Supp. 651, 654 (M.D. Fla. 1992). Considering Plaintiff's objection to the Motion, under Florida law, "[a]n order involving the disqualification of counsel must be tested against the standards imposed by the Rules of Professional Conduct." *Morse v. Clark*, 890 So. 2d 496, 497 (Fla. 5th DCA 2004); *Kemp Invs. N., LLC v. Englert*, 314 So. 3d 734, 736 (Fla. 5th DCA 2021).

26.     Furthermore, "[d]isqualification of an attorney is an extraordinary remedy … Such motions are generally viewed with skepticism because … [they] are often interposed for tactical purposes." *Yang Enters., Inc. v. Georgalis*, 988 So. 2d 1180, 1183 (Fla. 1st DCA 2008) (internal quotations and citations omitted); *Gutierrez v. Rubio*, 126 So. 3d 320, 321  (Fla. 3d DCA 2013) (The "disqualification of a party's lawyer in a civil case is a drastic remedy, [which] must be employed only in limited circumstances.").

27.     The party seeking the removal of counsel has the burden of showing that it is necessary because of actual harm. *Coral Reef of Key Biscayne Developers v. Lloyd's Underwriters at London*, 911 So. 2d 155, 158 (Fla. 3d DCA 2005); *Esquire Care, Inc. v.*

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

*Maguire*, 532 So. 2d 740, 741 (Fla. 2d DCA 1988) (recognizing that before ordering disqualification the trial court should determine whether "one party has obtained an unfair advantage over the other which can only be alleviated by removal of the attorney" (citations omitted)).

28.     Special consideration should also be given to situations where the motion was raised for tactical reasons. *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985) ("We share the Court of Appeals' concern about 'tactical use of disqualification motions' to harass opposing counsel.").

## ARGUMENT

### A.     *Atkins and CPL Lack Standing to Discharge Lewis Brisbois,  Additionally, the Motion Fails as a Matter of Law and is Legally Insufficient*

29.     Non-Parties rely on Fla. Bar. R. 4-1.16 to discharge undersigned, however, the Motion is seeking to disqualify counsel albeit guising it as one to discharge counsel. As explained above, they have no authority to act on behalf of the Plaintiff and therefore, as a threshold matter, the Non-Parties fail to establish that it has standing to discharge Lewis Brisbois as counsel for Rehab.

30.     "In most cases, a stranger to the attorney-client relationship lacks standing to seek disqualification." *Pagidipati v. Vyas*, 353 So. 3d 1204, 1206, (Fla. 2d. DCA. 2022).

31.     As presented above, there is no standing in light of the Dec Action filed against Atkins and CPL.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

32.     Notably, the Non-Parties have no contractual privity with Lewis Brisbois as they are not a member of Rehab, until the Wyoming Court rules otherwise.  Until then, there is no authority for the Non-Parties to act on behalf of Rehab. Accordingly, as they have no membership interest on behalf of Rehab they, therefore, are a stranger to the attorney-client relationship and cannot seek to discharge and substitute counsel, and are rather seeking to disqualify counsel without merit.

33.     Thus, for Atkins or CPL to have standing to contest Lewis Brisbois representation of Rehab, the Non-Parties must establish and show that such representation is conflicted in that the representation would "call in question the fair or efficient administration of justice." *Pagidipati*, 353 So. 3d at 1204 (citing *Kenn Air Corp. v. Gainesville-Alachua Cty. Reg'l Airport Auth.*, 593 So. 2d 1219, 1222 (Fla. 1st DCA 1992) (nonclient may seek disqualification "when the conflict is clear and the question of fair  and efficient administration of justice is raised")).

34.     Therefore, because neither Atkins nor CPL is a party to the action and have not moved to join or intervene in the lawsuit, they therefore **lack standing** to seek relief in this lawsuit. *See Whiteside v. School Bd. of Escambia County*, 798 So. 2d 859, 859-60 (Fla. 1st DCA 2001) (**non-party lacks standing** to seek relief from a party) (citing *Warshaw-Seattle, Inc. v. Clark*, 85 So. 2d 623, 625 (Fla. 1955)); *see also Giuffre v. Edwards*, 226 So. 3d 1034, 1039 (Fla. 4th DCA 2017) ("Generally, a **nonparty** does not have standing to request relief from the court...[consistent with the general rule, Giuffre did not have standing in the proceedings below, despite her feasible stake in the outcome

**LEWIS BRISBOIS BISGAARD & SMITH, LLP,**

110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

of the proceedings."); *Merrick Park, LLC v. Garcia*,299 So. 3d 1096 2019 WL 6519233, at *5 (Fla. 3d DCA Dec. 4, 2019) (**nonparty lacks standing** to assert counterclaims).

35.    The Motion fails to proffer any authority to discharge counsel for a party that was filed by a non-party or non-member of the litigant, i.e., the company, and, therefore, fails as a matter of law. *Meisel v. Harvest Health & Rec.*, CASE NO.: 01-2020-CA-000083 2020 Fla. Cir. LEXIS 7187, *2 (Fla. 8th. Jud. Cir. May 2020)("The Court further notes that San Felasco has proffered no authority in which a court has granted a motion to disqualify counsel for a party that was filed by a non-party to the proceedings.")

### i.    *The Motion is Premature and Legally Insufficient*

36.    Before disqualifying a member's attorney on the motion of another member, the court should balance the actual prejudice to the objector with his or her opponent's interest in continued representation by experienced counsel. *Broin v. Phillip Morris Cos.*, 84 So. 3d 1107, 1108,

37.    In the instant action, the Non-parties lacks standing to bring the Motion as they are not a member of the company.  Therefore, Atkins and CPL lack standing to seek to discharge Lewis Brisbois as counsel and the Motion should be denied because the Non-Parties fail to "call in question the fair or efficient administration of justice." *Pagidipati*, 353 So. 3d at 1204.

38.    Furthermore, at this procedural juncture, Rehab filed a request to take judicial notice of the Dec Action and should be considered when ruling on this Motion, which further establishes why the Non-Parties lack standing. Accordingly,

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

the Motion is premature, and their would be no abuse in discretion for the court to deny same until the determination of the Dec Aciton. *People's Trust Ins. Co. v. Marzouka*, 320 So. 3d 945, 946, (Fla. 3d D.C.A. 2021)("The trial court did not err as a matter of law or abuse its discretion by forgoing [relief requested] until it reached the enforceability issues raised in the declaratory counts because the insureds' complaint partly sought a declaration that the policy provisions requiring appraisal were unenforceable, which merits determination was deemed necessary before appraisal could be compelled.").

39.     Nevertheless, the Motion's fails to demonstrate any legal ground for the Non-Parties to discharge Lewis Brisbois, or that they have the authority to do so.

40.     Because the remedy of disqualification strikes at the heart of one of the most important associational rights (i.e., the right to select counsel of one's own choosing), deference is given and must be employed only in extremely limited circumstances.  *Kusch v. Ballard,* 645 So.2d 1035 (Fla. 4th DCA 1994); *Alexander, v. Tandem Staffing Solutions, Inc.,* 881 So.2d 607, 609 (Fla. 4th DCA 2004).

41.     Significantly, no *actual harm* or *risk of an efficient representation* has been identified in the Motion. Instead, Non-Parties in bad faith attempt to discharge undersigned to dispose of the case against its entities, the Defendants; therefore, the Court should balance the prejudice to Rehab when deciding on the Motion.

42.     In light of the foregoing, there is no argument that calls into question the fair or efficient administration of justice in this action.  Moreover, and fatal to the

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

Motion, Non-Parties have failed to show any such conflict that would warrant the termination and otherwise disqualification of Lewis Brisbois.

43.     In the event that Rehab are required to retain new counsel, additional judicial resources will be required. Continuances will be necessary for new counsel to familiarize themselves with the facts and issues in this matter, and Rehab will incur additional costs for new counsel to review the docket, filings, and file in this matter.

44.     On the other hand, if Lewis Brisbois is disqualified from representing Rehab, Plaintiff would be substantially prejudiced and the administration of justice would be hindered. As stated above, Atkins is a member of the Defendants and interest is adverse to Rehab and directly aligned with the Defendants. Pertinent to note, R. Regulating Fla. Bar 4-1.7(a)(2) prohibits a lawyer from representing a client if there is a substantial risk that the representation will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by personal interest of the lawyer.

45.     Moreover, Florida rules require that the client pay its bills upon discharging a lawyer, therefore, if the Motion is granted will Atkins be required to pay the Lewis Brisbois bills on behalf of Rehab? Fla. Bar Reg. R. 4-1.16, cmt ("A client has a right to discharge a lawyer at any time, with or without cause, subject to liability for payment for the lawyer's services."). The determination of whether a firm's withdrawal was voluntary or involuntary influences how a charging lien is resolved. *Mineo Salcedo law Firm, P.A. v. Cesard,* 333 So. 3d 222, 226, (Fla. 4th DCA 2022).

**LEWIS BRISBOIS BISGAARD & SMITH, LLP,**
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

46.     Accordingly, absent evidence of direct harm, an unfair advantage, or an inefficient administration of justice, the Non-Parties' Motion is legally insufficient and premature as it lacks standing to move to remove Lewis Brisbois as counsel. *Am. Cas. Co. v. Health Care Indem., Inc.*, Case No. 8:07-CV-421-T-17EAJ, 2008 U.S. Dist. LEXIS 127639, *12 (M.D. Fla. 2008) (Denying Motion to Disqualify due to lack of standing because moving party was neither a former client of counsel, and moving party failed to make a claim that its rights will be compromised by the representation of the opposing counsel.); *Alan L. Frank Law v. OOO Rm Invest*, Case No. 16-cv-22484, 2016 U.S. Dist. LEXIS 174206, *3-4 (S.D. Fla. 2016) ("To have standing to seek the disqualification . . . , the Participant Parties must show that 'the conflict of interest clearly calls into question the fair or efficient administration of justice.'. . .The Participant Parties have not made that showing here." citing, *Zarco v. Supply Co. v. Bonnell*, 658 So.2d 151, 154 (Fla. 1st DCA 1995)).

47.     Therefore, this Court should deny the Motion.

**WHEREFORE**, Plaintiff, The Rehab Department, LLC, respectfully request this Court to enter an Order (i) denying the Motion; (ii) together with an award for attorneys fees and costs, and (iii) granting any and all further relief as is necessary and just.

Dated: September 20, 2024.

LEWIS BRISBOIS BISGAARD & SMITH, LLP,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD**
**& SMITH LLP**
*Counsel for Plaintiff*
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
E-Service: ftlemaildesig@lewisbrisbois.com

By:*/s/ David H. Haft*
David H. Haft, Esq. (FBN: 68992)
david.haft@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com
Pedro S. Quintana, Esq. (FBN: 1024611)
pedro.quintana@lewisbrisbois.com
mary.morgan@lewisbrisbois.com

## CERTIFICATE OF SERVICE

I certify that on September 20, 2024, a true and correct copy of the forgoing was filed with the Clerk of the Court using the CM/ECF filing system, which will serve a true and correct copy of the same to all attorneys of record.

By: :*/s/ David H. Haft*
David H. Haft, Esq.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**,
110 SOUTHEAST SIXTH STREET SUITE 2600, FORT LAUDERDALE, FL 33301| TELEPHONE (954) 728-1280, FACSIMILE (954) 678-4090