UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE REHAB DEPARTMENT, LLC**,
a Wyoming Limited Liability Company,

      Plaintiff,

v.                                        CASE NO: 23-CV-02554-SDM-LSG

**ARK POST ACUTE NETWORK, LLC, CAMBRIDGE SIERRA HOLDINGS, LLC d/b/a RECHE CANYON REHAB AND HEALTH CARE CENTER, BIRDMONT HEALTH CARE, LLC d/b/a CARRINGTON PLACE AT WYTHEVILLE, EAST LAKE REHAB & CARE CENTER, LLC d/b/a TRINITY REGIONAL REHAB CENTER, LA OLD HAMMOND HWY, LLC d/b/a PINES RETIREMENT CENTER OF BATON ROUGE, CARRINGTON PLACE REHAB-NURSING, LLC d/b/a CARRINGTON PLACE OF ST. PETE, ESSEX REHAB & CARE CENTER, LLC d/b/a CARRINGTON PLACE OF TAPPAHANNOCK, BOTETOURT HEALTH CARE, LLC d/b/a CARRINGTON PLACE AT BOTETOURT COMMONS, LA WESTFORK, LLC d/b/a WHITE OAK POST-ACUTE CARE, LA FIRST STREET, LLC d/b/a SPRINGHILL POST ACUTE & MEMORY CARE, and NORFOLK AREA SENIOR CENTER, LLC d/b/a GREENBRIER REGIONAL MEDICAL CENTER,**

      Defendants.
_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S TIME SENSITIVE MOTION TO COMPEL RESPONSES TO DISCOVERY SERVED ON ALL DEFENDANTS AND REQUEST FOR STAY

Defendants, ARK Post Acute Network, LLC, LA Westfork, LLC d/b/a White Oak Post-Acute Care, Birdmont Health Care, LLC d/b/a Carrington Place at Wytheville, Cplace of St. Pete d/b/a Carrington Place of St. Pete, Botetourt Health Care, LLC d/b/a Carrington Place at Botetourt Commons, East Lake Rehab & Care Center, LLC d/b/a Trinity Regional Rehab Center, LA Old Hammond Hwy, LLC d/b/a Pines Retirement Center of Baton Rouge, Essex Rehab & Care Center, LLC d/b/a Carrington Place of Tappahannock, LA First Street, LLC d/b/a Springhill Post Acute & Memory Care, Norfolk Area Senior Center, LLC d/b/a Greenbrier Regional Medical Center and Cambridge Sierra Holdings, LLC d/b/a Reche Canyon Rehab and Health Care Center (collectively, "Defendants") pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, hereby file their response to Plaintiff's Time Sensitive Motion to Compel Responses to Discovery Served On All Defendants and requests a stay of discovery. (Dkt. No. 53). In support thereof, Defendants state as follows:

1. Plaintiff filed this simple breach of contract action against 11 defendants, claiming that each Defendant owes Plaintiff for different invoices for services provided at the nursing facilities that each Defendant owns. Instead of filing separate actions against each Defendant in proper jurisdictions, Plaintiff filed this case in federal court with meritless federal claims to attempt to provide jurisdiction in this Court.

2. In addition, despite the fact that this is a simple claim for money owed, Plaintiff filed a complaint that is 120 pages, with 498 paragraphs of duplicative allegations and 47 causes of action, most of which are duplicative and unnecessary.

3. Sticking with its theme to over litigate this simple dispute for money that Plaintiff claims is owed, on May 3, 2024, Plaintiffs served 4 sets of requests for production – one set each to Defendants, Birdmont (76 requests), Trinity (72 requests), Reche Canyon (72 requests), and White Oak (76 requests). There are a total amount of 296 requests in these first sets of requests for production.

4. On May 7, 2024, Plaintiffs served 5 sets of requests for production – one set each to Defendants, Carrington Place of St. Pete (84 requests), Tappahannock (87 requests), Springhill (72 requests), Greenbrier (72 requests), and Botetourt (86 requests). There are a total amount of 401 requests in these second sets of requests for production (the "Second Set of Requests"). Thus, Plaintiff served 697 requests for production on May 3, and May 7, 2024.

5. On May 21, 2024, Plaintiff served a first request for production on Defendant, LA Old Hammond Hwy, LLC. There are a total of 72 requests in this request. Plaintiff served another Request for Production on May 21, 2024 to Pines with 72 requests and 10 sets of interrogatories to the Defendants, each with between 27 and 29 interrogatories.

6. On May 30, 2024, Plaintiff served a first request for production on Defendant, ARK Post Acute Network, LLC ("ARK") with **516** requests in this request. With this final request, Plaintiff served over 1200 requests for a dispute

over amounts owed for services rendered, seeking documents that are already in Plaintiff's possession or that are wholly irrelevant to any of the claims in this case. Moreover, many of the requests seek the same information over and over and over again for the sole purpose of creating burdensome discovery responses.[1]

---

[1] As one of many examples, in the requests to Greenbriar, in what could have been covered in one or two requests, Plaintiff instead propounded the following 15 duplicative requests as follows: (1) All agreements entered into by You (and/or on Your behalf) with CMS, HHS, and/or any other government agency related to the Medicaid Act; All documents and communications between You (and/or anyone on Your behalf) and any third-party related to the Medicaid Act; (3) All documents and communications between You (and/or anyone on Your behalf) and CMS, HHS, and/or any other government agency related to the Medicaid Act; (4) All documents and communications between You (and/or anyone on Your behalf) and any third-party related to the Medicaid Act; (25) All documents and communications between You (and/or anyone on Your behalf) and CMS, HHS, and/or any other government agency related to any requests made by You (or on Your behalf) for reimbursement of rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (26) All documents and communications between You (and/or anyone on Your behalf) and TRD relating to any requests made by You (or on Your behalf) for reimbursement of rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (27) All documents and communications between You (and/or anyone on Your behalf) and any third-party regarding any requests made by (or on Your behalf) for reimbursement of rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (28) All documents and communications evidencing any reimbursements received by You (or on Your behalf) for rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (29) All documents and communications between You (and/or anyone on Your behalf) and TRD relating to the payment of any reimbursed amounts received by You (or on Your behalf) in connection with any rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (30) All documents and communications between You (and/or anyone on Your behalf) and any third-party regarding the payment of any reimbursed amounts received by You (or on Your behalf) in connection with any rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (31) All documents and communications between You (or anyone on Your behalf) and ARK relating to either TRD, any services rendered by TRD pursuant to the TSA, any services rendered by TRD to residents of the Greenbrier Facility, and any claims made by (or on Your behalf) for reimbursement of rehabilitation services provided to residents of the Greenbrier Facility under the Medicaid Act; (40) All documents and communications evidencing any request for reimbursement made by You (or on Your behalf) under the Medicaid Act in connection with those rehabilitation services described by Invoice No. 1426; (41) All documents and communications evidencing any amounts received by You (or on Your behalf) under the Medicaid Act in connection with those rehabilitation services described by Invoice No. 1426; (54) All documents and communications evidencing any amounts received by You (or on Your behalf) as reimbursement for rehabilitation services under the Medicaid Act, but not paid to TRD; (55) All documents and communications between You (and/or anyone on Your behalf) and any third-party regarding any amounts received by You (or on Your behalf) as reimbursement for rehabilitation services under the Medicaid Act, but not paid to TRD; (64) All documents and communications submitted by You (or on Your behalf) for reimbursement under the Medicaid Act relating or pertaining to any of

7. Due to the overbearing nature of the discovery (as well as a jury trial before the Honorable Judge Jung in June 2024 and other deadlines in state and federal court), Defendants requested from Plaintiff and were granted numerous extensions.

8. During these initial discussions, Defendants requested that Plaintiff narrow the scope of the discovery. While Plaintiff did not amend the discovery, the parties agreed, on May 28, 2024, to narrow the scope of the discovery as reflected in the email attached hereto as **Exhibit A**. In connection with the narrowing of the scope of the discovery, Defendants agreed to produce certain responsive documents prior to the mediation on June 17, 2024. In connection with the production of the documents, the parties negotiated and submitted a HIPAA protective order. (Dkt. No. 44). Once that order was entered by the Court on June 18, 2024 (Dkt. No. 45), Defendants produced responsive documents. Since that time, Plaintiff has not raised any issues with the production of those documents or Defendants' compliance with its discovery obligations as to the production of those documents. Plaintiff's main issue is that Defendants have not responded to the burdensome requests for production.

9. The parties mediated this dispute on June 26, 2024, and the mediation resulted in an impasse. After the mediation, on July 12, 2024, Sean Johnson, Esq.

---

the rehabilitation services identified on Invoice No. 1426; and (65) All documents and communications evidencing the location of any funds received by You (or on Your behalf) as reimbursement under the Medicaid Act for any of the rehabilitation services identified on Invoice No. 1426.

of Johnson, Newlon, & Decort, P.A. emailed David Haft, Esq. and notified the parties that David Haft and Lewis Brisbois no long had authority to act on behalf of Plaintiff. Since that time, there has been a dispute as to who controls Plaintiff and which lawyer is representing Plaintiff in this case.

10. During this time, Defendants requested additional extensions until this issue was worked out. Mr. Johnson agreed; Mr. Haft never confirmed or opposed the extension request. On August 7, 2024, Defendants' counsel then requested an informal stay until the control issue was resolved. (See Email from Amy L. Drushal to David Haft dated August 7, 2024, a copy of which is attached hereto as **Exhibit B**). To date, there has been no response to that email, other than the filing of the subject motion to compel, three months later. Further, there has been no resolution as to who has authority to act on behalf of Plaintiff. And Mr. Haft never attempted to meet and confer as to any of the issues raised in the motion to compel.

11. Plaintiff argues in the motion to compel that "the purported new representative of the Plaintiff has failed to serve any new discovery or withdraw the outstanding discovery," and, therefore, there is no basis for Defendants to withhold discovery. This is incorrect. First, Mr. Johnson, Plaintiff's representative, agreed to an extension until the issue was resolved as to who had authority to control Plaintiff. (See Ex. B). Second, there is a basis to discontinue any production to a law firm that has been discharged and is not authorized to receive information and documents from Defendants. In fact, the authorized representative of Plaintiff,

6

Johnson, Newlon & DeCort, has moved to strike the motion to compel. (Dkt. No. 55). For these reasons, Defendants respectfully request that the Court stay discovery in this matter until control of Plaintiff is determined by this Court or by the Wyoming Court, where Plaintiff has filed a declaratory judgment action as to the ownership of Plaintiff.

12. Defendants are diligently preparing the responses to the thousands of requests but believe that they have produced documents responsive to the majority of the requests per the parties' agreement prior to the mediation. To the extent that certain documents have not been produced, Mr. Haft has not met and conferred as to what documents that Plaintiff is still seeking. Because Defendants have produced responsive documents and they are preparing responses to the discovery, they respectfully request that the motion to compel be denied and that a stay of discovery be entered until such time as the Court determines the ownership of Plaintiff.

13. Plaintiff is also seeking to compel better answers to the interrogatories, yet Mr. Haft failed to meet and confer as to these interrogatories in violation of Local Rule 3.01(g). It was not until this motion to compel was filed that Defendants were aware that Plaintiff/Mr. Haft had any issue with the interrogatory responses. The parties likely would have been able to resolve all of the issues raised in the motion to compel had Mr. Haft even attempted to meet and confer as required by the Local Rules.

14. In serving their interrogatories, Plaintiff served one set of interrogatories to each Defendant, yet now attempt to file one motion as to all of the interrogatories, despite the fact that the interrogatories to each Defendant are not the same. (Compare Interrogatories to Botetourt (29 interrogatories) with Interrogatories to Springhill (27 interrogatories)).

15. As to Defendants' responses to interrogatory nos. 2, 3, 12, 14, 15, 16, 18, 19, 20, 21, 22, 23, 24, 25, and 26, Defendants stand by their responses. At the time of responding to the interrogatories, no fact discovery had been done and Defendants were unable to respond to the interrogatories as framed. Since that time, while Defendants have engaged in some written discovery, they have been unable to take depositions due to the dispute over the control of Plaintiff.

16. As to Defendants' responses to interrogatory nos. 4, 5, 8, 9, 10, 11, and 13, Defendants are willing to meet and confer with Plaintiff and to supplement any of these responses, as necessary.

17. Regarding Defendants' responses to interrogatory nos. 6 and 7, again, Defendants are willing to meet and confer with Plaintiff and supplement any of these responses, as necessary.

18. Finally, as to interrogatory 27, Defendants disagree that they waived the objection by responding to one more than 25 interrogatories. The rules provide the number of interrogatories that parties are allowed to serve. Plaintiff exceeded that number, and Defendants' objections should be sustained.

19. For the reasons set forth above, Defendants respectfully request that the Court deny the Motion.

## CONCLUSION

Based upon the foregoing, Defendants respectfully request that the Court deny the Motion and award any further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Amy L. Drushal
Amy L. Drushal, FBN 546895
adrushal@trenam.com/kkovach@trenam.com
Shirin M. Vesely, FBN 21156
svesely@trenam.com/lvalente@trenam.com
Trenam, Kemker, Scharf, Barkin,
Frye, O'Neill & Mullis, P.A.
101 E. Kennedy Boulevard, Suite 2700
Tampa, FL  33602
T: (813) 223-7474 / Fax: (813) 229-6553
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2024, I electronically filed the foregoing by using the CM/ECF system, which will send notice via email to all counsel of record.

/s/ Amy L. Drushal
Attorney