UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**THE REHAB DEPARTMENT, LLC**, A WYOMING LIMITED LIABILITY COMPANY

      Plaintiffs,

v.

**ARK POST ACUTE NETWORK, LLC, CAMBRIDGE SIERRA HOLDINGS, LLC d/b/a RECHE CANYON REHAB AND HEALTH CARE CENTER, BIRDMONT HEALTH CARE, LLC d/b/a CARRINGTON PLACE AT WYTHEVILLE, EAST LAKE REHAB & CARE CENTER, LLC d/b/a TRINITY REGIONAL REHAB CENTER, LA OLD HAMMOND HWY, LLC d/b/a PINES RETIREMENT CENTER OF BATON ROUGE, CARRINGTON PLACE REHAB-NURSING, LLC d/b/a CARRINGTON PLACE OF ST. PETE, ESSEX REHAB & CARE CENTER, LLC d/b/a CARRINGTON PLACE OF TAPPAHANNOCK, BOTETOURT HEALTH CARE, LLC d/b/a CARRINGTON PLACE AT BOTETOURT COMMONS, LA WESTFORK, LLC d/b/a WHITE OAK POST-ACUTE CARE, LA FIRST STREET, LLC d/b/a SPRINGHILL POST ACUTE & MEMORY CARE, and NORFOLK AREA SENIOR CENTER, LLC d/b/a GREENBRIER REGIONAL MEDICAL CENTER,**

      Defendants.

Case No. 8:23-cv-02554

_____

### Amended Uniform Case Management Report

Pursuant to this Court's Order dated December 30, 2024, the parties submit this amended case management report. *See* Order [D.E. 65]. The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d).

151216739.1

Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

Following the Order requiring the parties to confer, the parties conducted the planning conference on 1/14/2025. David Haft and Amy Drushal attended the conference and jointly propose the following amended case management report.

2. **Deadlines and Dates**

The parties request these deadlines and dates to govern the amended case management report:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 12/13/2023 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 11/17/2023 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B).     Plaintiff | 10/12/2025 |
| Defendant | 10/12/2025 |
| Rebuttal | 11/11/2025 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 8/9/2025 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 9/9/2025 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Parties previously mediated on June 26, 2024. | N/A |

| | |
|---|---|
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | 1/19/2026 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | 1/26/2026 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | 2/2/2026 |
| Month and year of the trial term. | 2/9/2026 |

The trial will last approximately 3 days and be

☐ jury.

☒ non-jury.

3. **Description of the Action**

   **THE REHAB DEPARTMENT, LLC ("TRD") EMPLOYS OR OTHERWISE ENGAGES LICENSED PROFESSIONALS WHO FURNISH, *INTER ALIA*, SPEECH-LANGUAGE PATHOLOGY, PHYSICAL AND OCCUPATIONAL THERAPY SERVICES TO, WITHOUT LIMITATION, LICENSED SKILLED NURSING FACILITIES, ACUTE-CARE HOSPITALS, AND CONTINUING CARE RETIREMENT FACILITIES. THE FACILITY DEFENDANTS COLLECTIVELY OWN AND OPERATE TEN (10) DIFFERENT SKILLED NURSING FACILITIES, LOCATED THROUGHOUT FLORIDA, CALIFORNIA, LOUISIANA AND VIRGINIA. IN OR AROUND 2015, TRD BEGAN ENTERING INTO VARIOUS THERAPY SERVICES AGREEMENTS WITH EACH OF THE RESPECTIVE DEFENDANTS TO PROVIDE REHABILITATION SERVICES TO THE PATIENTS OF THE RESPECTIVE NSFS. THE CLAIMS INCLUDE: TORTIOUS INTERFERENCE, BREACH OF AGREEMENT, BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, UNJUST ENRICHMENT, AND QUANTUM MERUIT.**

   Defendants deny Plaintiff's claims and assert that Plaintiff has been paid for the amounts claimed to be owed; that they properly performed and paid as agreed between the parties; that the contracts were properly terminated; and that Plaintiff has unclean hands in bringing this action.

4. **Disclosure Statement**

   ☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

5. **Related Action**

   ☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

6. **Consent to a Magistrate Judge**

   > "A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).
   >
   > The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

   ☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

   ☒ The parties do not consent.

7. **Preliminary Pretrial Conference**

   ☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

   ☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

8. **Discovery Practice**

   > The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

   ☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

9. **Discovery Plan**

   The parties submit the following discovery plan under Rule 26(f)(2):

   A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

      ☒ Yes.
      ☐ No; instead, the parties agree to these changes: enter changes.

   B. Discovery may be needed on these subjects:

   The parties' anticipate taking discovery on the following: The parties' performance under the respective therapy services agreements, Defendants' payments made to Plaintiff, Either parties' receipt of funds from government loan programs, agreements between the parties as the how payments were to be allocated under the agreements between the parties, the termination of the agreements, Plaintiff's agreements with third party vendors and its payments to those vendors, and Plaintiff's damages among other possible areas of inquiry.
   C. list the subjects.

   D. Discovery should be conducted in phases:

      ☒ No.
      ☐ Yes; describe the suggested phases.

   E. Are there issues about disclosure, discovery, or preservation of electronically stored information?

      ☒ No.
      ☐ Yes; describe the issue(s).

5

F. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

G. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☒ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

s/ _David H. Haft_____
David H. Haft, Esq.
Florida Bar No.: 68992
david.haft@lewisbrisbois.com
aviva.pasternak@lewisbrisbois.com
Lewis Brisbois Bisgaard & Smith, LLP
110 Southeast Sixth Street, Suite 2600
Fort Lauderdale, Florida 33301
Telephone: (954) 728-1280
Facsimile: (954) 678-4090
*Counsel for Plaintiff*

s/ _Amy L. Drushal_____
Amy L. Drushal, Esq.
Florida Bar No.: 546895
adrushal@trenam.com
svesely@trenam.com
Trenam Law
101 Kennedy Blvd., Suite 2700
Tampa, Florida 33602
Tel: (786) 268-6415 Fax: (305) 373-2294
*Counsel for Defendants*