UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE REHAB DEPARTMENT, LLC,

    Plaintiff,

v.                                                                                          CASE NO. 8:23-cv-2554-SDM-LSG

ARK POST ACUTE NETWORK,
LLC, et al.,

    Defendants.
_____/

## ORDER

    (a)    <u>Referral to Mediation</u>: This action is referred to mediation. **Joesph H. Varner III, Holland & Knight LLP, 100 North Tampa Street, Suite 4100, Tampa, Florida 33602, (813)-227-6703**, is the mediator.

    (b)    <u>Conduct of Mediation</u>: The mediator must conduct the mediation in accord with this order and with the Local Rules. Compliance with this order is not satisfied by any other attempt by the parties to resolve this matter through mediation or by another mechanism for dispute resolution.

    (c)    <u>Scheduling Mediation</u>: The parties must mediate no later than **AUGUST 15, 2025**.

    (d)    <u>Designation and Responsibility of Lead Counsel</u>: **David Haft** is designated as lead counsel and must consult both the mediator and other counsel to coordinate the day and time of mediation. No later than **SEVEN DAYS** after this order,

lead counsel must file a notice of mediation that states the agreed day and time of mediation. When the notice is filed, the agreed day and time of mediation replaces the deadline in paragraph (c). Extension of the mediation deadline requires a court order and is increasingly disfavored as the mediation deadline approaches. Before moving for an extension of the mediation deadline, the movant must consult both the mediator and opposing counsel to determine an agreed day and time for the re-scheduled mediation. A motion for an extension of the mediation deadline must comply with Local Rule 3.01(g).

(e)     <u>Rules Governing the Mediation</u>:  In accord with Chapter Four of the Local Rules, the following requirements apply:

    (1)     *Case Summaries*: At least five business days before the scheduled mediation, the mediator and the other parties must receive from each party a brief written summary of the facts and issues of the action. The mediator and the parties must treat each summary as a confidential communication and must not disclose the summary or the summary's content.

    (2)     *Authority and Duties of the Mediator*: The mediator may confer privately with any counsel, an individual party, a corporate or municipal representative, or a claims professional for any proper purpose in the mediator's discretion. The mediation must continue until adjourned by the mediator. No participant can compel the early conclusion of a mediation because of travel or another engagement. No later than seven days after the mediation, the mediator must report the result of the mediation and whether every required person attended. Only the mediator may declare an impasse. To coordinate the mediation, the mediator may set an abbreviated scheduling conference before the mediation.

    (3)     *Attendance at the Mediation*: Each attorney acting as lead counsel, each party (or the designated representative with full authority to settle), and any necessary insurance carrier

representative must attend the mediation in person unless otherwise agreed by the parties. Any unexcused absence or departure from the mediation is sanctionable.

(4) *Structure*: In a complex or protracted case, or in a case with many parties, the mediator can conduct the mediation in sequential sessions with fewer than all parties present.

(5) *Confidentiality*: The substance of the mediation is confidential and no party, lawyer, or other participant is bound by, may record, or without the judicial approval may disclose any event, including any statement confirming or denying a fact—except settlement—that occurs during the mediation.

(f) <u>Compensation of the Mediator</u>: Under the Local Rules, the parties must compensate the mediator at the mediator's prevailing hourly rate, which, unless otherwise agreed by counsel, the parties must bear equally and pay immediately after the mediation. When moving to tax other costs, the prevailing party may move to tax the mediator's compensation as a cost. The parties must comply with any reasonable cancellation policy maintained by the mediator.

(g) <u>Objections</u>: A party waives as to this order any objection not asserted within ten days and in writing.

ORDERED in Tampa, Florida, on March 6, 2025.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE REHAB DEPARTMENT, LLC,

    Plaintiff,

v.                                        CASE NO. 8:23-cv-2554-SDM-LSG

ARK POST ACUTE NETWORK,
LLC, et al.,

    Defendants.
_____/

## MEDIATION REPORT

In accord with the mediation order, the mediation occurred on _____, 20_____.

(a)    The following individuals, parties, corporate representatives, and claims professionals attended and participated in the mediation, each possessed the requisite settlement authority:

    _____ All individual parties and their respective trial counsel.

    _____ Designated corporate representatives.

    _____ Required claims professionals.

(b)    The following individuals, parties, corporate representatives, and claims professionals failed to appear or participate:

(c)   The result of the mediation:

____   <u>The action completely settled</u>. Within ten days of the mediation, lead counsel must notify the court of the settlement by filing a notice or memorandum of agreement signed by the parties and the mediator.

Comments:

____   <u>The action partially resolved</u>. Within ten days of the mediation, lead counsel must file a joint stipulation resolving the settled claims. The following issues remain:

Comments:

____   <u>The action neither settled nor failed to settle</u>.

Comments:

2

  ____ <u>The action failed to settle</u>.

  Comments:

  Reported on _____, 20\_\_\_\_, in _____, Florida.

_____
Signature of Mediator

_____
Name (PRINTED) of Mediator

_____
_____
_____
_____
Mediator's Mailing Address and
Telephone Number

Cc: Counsel of Record and
   Unrepresented Parties