UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE REHAB DEPARTMENT, LLC, a
Wyoming Limited Liability Company,

    Plaintiff,

v.                                                                         Case No.: 23-cv-2554-SDM-LSG

ARK POST ACUTE NETWORKS, LLC,
CAMBRIDGE SIERRA HOLDINGS, LLC
d/b/a RECHE CANYON REHAB AND
HEALTH CARE CENTER, BIRDMONT
HEALTH CARE, LLC d/b/a CARRINGTON
PLACE AT WYTHEVILLE, EAST LAKE REHAB
& CARE CENTER, LLC d/b/a TRINITY
REGIONAL REHAB CENTER, LA OLD
HAMMOND HWY, LLC d/b/a PINES
RETIREMENT CENTER OF BATON
ROUGE, CARRINGTON PLACE REHAB-
NURSING, LLC d/b/a CARRINGTON PLACE
OF ST. PETE, ESSEX REHAB & CARE CENTER,
LLC d/b/a CARRINGTON PLACE OF
TAPPAHANNOCK, BOTETOURT HEALTH
CARE, LLC d/b/a CARRINGTON PLACE
AT BOTETOURT COMMONS, LA WESTFORK,
LLC d/b/a WHITE OAK POST-ACUTE
CARE, LA FIRST STREET, LLC d/b/a
SPRINGHILL POST ACUTE & MEMORY CARE,
and NORFOLK AREA SENIOR CENTER,
LLC d/b/a GREENBRIER REGIONAL
MEDICAL CENTER

    Defendants.
_____/

**ORDER**

The defendants move under Rule 37, Federal Rules of Civil Procedure, for an order compelling the plaintiff to produce three witnesses for examination, extending

1

the discovery deadline by thirty days, and awarding sanctions, including by striking the plaintiff's pleadings. Doc. 71. The plaintiff files no written opposition. For the reasons explained below and at the hearing, the defendants are entitled to an order compelling those depositions and awarding sanctions under Rule 37(d)(3).

I.   BACKGROUND

Following a motion to extend case management deadlines, a March 5, 2025, order, amends the case management and scheduling order and extends the discovery deadline to June 6, 2025. Docs. 54, 65, 67, 68. On February 25, March 8, March 18, and March 20, 2025, the defendants requested from the plaintiff dates for the deposition of three witnesses—the plaintiff's chief executive officer, corporate representative, and human resources director. Doc. 71 at 2-4; Doc. 71-1. On March 2, counsel for the plaintiff requested "a few additional days" to respond because he had "been hospitalized with bacterial pneumonia and ha[d] been unable to speak" with his client. Doc. 71-1 at 5. Despite repeated inquiries, plaintiff's counsel provided no dates. Doc. 71-1. Accordingly, on March 26, 2025, the defendants served notices scheduling the depositions for May 9 and May 16, 2025. Doc. 71-2.

The parties mediated on April 9, 2025, and reached an impasse. Doc. 74. On May 8, 2025, plaintiff's counsel informed the defendants for the first time that the "unilaterally set depositions need to be rescheduled as neither I nor my clients are available (or ever were)." Doc. 71-3 at 2. The next day, the witnesses failed appear. Docs. 71-4, 71-5.  On May 13 and May 14, the defendants inquired whether the May 16 deposition would proceed. Doc. 71-6 at 3-4. On May 15, plaintiff's counsel said

2

that he needed "to go into the hospital for a medical procedure . . . and will now be unavailable" for the deposition. Doc. 71-6 at 3. Counsel added that he would "agree to make [the witnesses] available for deposition on either 5/29, 5/30, 6/2, 6/3 or 6/4" and that he wished to schedule certain defense witnesses during those days. Doc. 71-6 at 3. Although she initially rejected those days because of a conflict, on May 27 defense counsel rescheduled the depositions for June 3 and June 4. Doc. 71 at ¶¶ 11-12; Doc. 71-7. Neither counsel nor the witnesses appeared, and counsel never communicated his unavailability. Doc. 71-8. Counsel for the parties conferred on June 5 about the defendants' forthcoming motion to compel and for sanctions. Doc. 71 at 10-11. Counsel for the plaintiff said that he opposed the motion, that the plaintiff intended to dismiss the action, and that he would confer with his client and provide an update. Doc. 71 at 10-11, Doc. 73.

A hearing on the defendants' motion was scheduled for June 12, 2025. Doc. 72. On June 11, plaintiff's counsel moved unopposed to reschedule the hearing because he "is undergoing treatment for serious health concerns and is currently hospitalized." Doc. 75. A contemporaneous order reschedules the hearing for June 23. Doc. 76. Counsel for the plaintiff failed to appear at that hearing, so an order continued the matter to June 26. Doc. 80. Plaintiff's counsel appeared at the continued hearing and explained that his firm terminated his employment as of June 16, which impeded his ability to access his court schedule. As of June 27, however, neither counsel's ECF nor Florida Bar profiles show his current contact information, aside from an e-mail address.

## II.    ANALYSIS

Under Rule 37(a)(1), a party may move for an order compelling discovery. The failure of a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6)—to appear for a deposition after receiving proper notice may result in sanctions. FED. R. CIV. P. 37(d)(1)(A). A party's failure to appear "is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." "Sanctions may include any of the orders listed in Rule 37(d)(1)(A)," which includes striking pleadings or dismissing the action. FED. R. CIV. P. 37(d)(3). Instead of or in addition to such an order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3).

"Substantially justified" means a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The disobedient party bears the burden of proving that its failure was substantially justified." 7 MOORE'S FEDERAL PRACTICE § 37.51[9][a] (3d ed. 2024). A district court enjoys "wide discretion" in imposing Rule 37 sanctions because the merit of their imposition "is heavily dependent on the court's firsthand knowledge, experience, and observation." *Consumer Fin. Prot. Bureau v. Brown*, 69 F.4th 1321, 1329 (11th Cir. 2023).

Here, the plaintiff demonstrates no substantial justification for failing to appear at the May 9 depositions. The plaintiff received more than 40 days' notice of those depositions and waited until the day before to inform the defendants that counsel and the witnesses were unavailable and, in fact, had never been available. This occurred despite an intervening mediation and many weeks in which that communication could have occurred. No reasonable person could find this kind of behavior from an attorney professional, appropriate, or substantially justified.

Similarly, although personal circumstances may provide substantial justification, counsel's failure to communicate and participate in discovery prevents that finding. *See Jagoda v. Ideal Collection Servs., Inc.*, No. 8:24-CV-884-CEH-SPF, 2025 WL 1518209, at *2 (M.D. Fla. May 27, 2025); *Harris v. Int'l Paper Co.*, No. CV 2:20-00573-TFM-N, 2022 WL 22897114, at *2 (S.D. Ala. Sept. 14, 2022) (finding that a parties' family emergency is not a substantial justification under Rule 37 if counsel "fail[s] to communicate and participate in discovery."). Here, counsel waited until May 15 to inform the defendants of his May 16 medical procedure and did so only after receiving repeated inquiries from defense counsel and despite knowing of the scheduled deposition for nearly a month and a half. Although plaintiff's counsel said at the hearing that he missed the June 3 and June 4 depositions because of a medical appointment and related tests, he never communicated that fact to counsel. Notice for the June 3 and June 4 depositions occurred fewer than fourteen days before the examination, as required by Local Rule 3.04, but those were days offered by counsel ten days earlier and were never withdrawn.

5

Accordingly, the plaintiff fails to demonstrate that the repeated failure to appear for properly noticed depositions was substantially justified. Rule 37(d)(3) therefore requires that the plaintiff, the attorney advising the plaintiff, or both pay the defendants' reasonable expenses, including attorney's fees, caused by the failure.

### III.  CONCLUSION

The defendants' motion, Doc. 71, is **GRANTED IN PART**. The defendants are entitled to an award of expenses, including reasonable attorney's fees under Rule 37(d)(3), paid either by the plaintiff or its attorney (or both) for the plaintiff's failure to attend the May and June depositions. No later than July 18, 2025, the defendants must file an affidavit or declaration with supporting records describing the defendants' expenses and fees for the plaintiff's failure to appear at the May and June depositions. The discovery deadline is extended to **JULY 31, 2025**, and the dispositive motion deadline is extended to **AUGUST 30, 2025**. The plaintiff must produce its corporate representative, Remko Van der Voordt, and Chris Champion for their deposition no later than **JULY 18, 2025**. Failure to comply (absent a court-ordered extension of these deadlines) may result in a recommendation of dismissal for failure to prosecute. *See* Local Rule 3.10. A party's failure to respond timely to any future motion will result in treatment of the motion as unopposed. *See* Local Rule 3.01(c).

**ORDERED** in Tampa, Florida, on this 30th day of June, 2025.

_____
LINDSAY S. GRIFFIN
United States Magistrate Judge